**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

JAZZMAN BICKHAM,

        Plaintiff,

v.                         CIVIL ACTION NO.:

WEST FLORIDA REGIONAL MEDICAL CENTER, INC.
D/B/A WEST FLORIDA HOSPITAL,

        Defendant.
_____/

## COMPLAINT

Plaintiff, Jazzman Bickham, (hereinafter referred to as the "Plaintiff" or "Bickham"), by and through the undersigned attorney, sues the defendant, West Florida Hospital, (hereinafter referred to as the "Defendant" or "WFH"), and alleges as follows:

### *INTRODUCTION*

1.    Plaintiff brings this is an action to remedy discrimination on the basis of sex and pregnancy and disability discrimination and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of 28 U.S.C. §§ 451, 1331, 1337,1343 and 1345 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* for employment discrimination on the basis of sex, and by the Pregnancy Discrimination Act of 1978 ("PDA") and Americans

with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## *JURISDICTION AND VENUE*

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,1343 and 1345 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* for employment discrimination on the basis of sex, and by the Pregnancy Discrimination Act of 1978 ("PDA"), and in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

3.     Jurisdiction is specifically conferred on this Court by 42 U.S.C. §2000e-5(f). Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g).

4.     This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and because the unlawful employment practices were committed in this judicial district.

5.     All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.:202127059) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100002) on

2

August 28, 2020. On March 22, 2021, FCHR issued a determination. Plaintiff thereafter requested a 90 day Notice of Right to Sue letter from the EEOC which was received on April 30, 2021.

*PARTIES*

6.     Plaintiff is an African American female who is a citizen of the state of Florida and a resident of in Pensacola, Florida. She began her employment with Defendant in April 2019.

7.     Defendant is a Defendant, West Florida Hospital, is a 515-bed, full-service, emergency care facility specializing in cardiac care and cancer care in Pensacola, Florida. Defendant employs more than 15 employees and is an employer within the meaning of Title VII, ADAA and the PDA.

*FACTS*

8.     Plaintiff is an African American female.

9.     Defendant, West Florida Hospital, is a 515-bed, full-service, emergency care facility specializing in cardiac care and cancer care in Pensacola, Florida.

10.     Defendant hired Plaintiff on April 15, 2019, to work as a Respiratory Therapist ("RT").

11.     As a RT, Plaintiff was responsible for providing services throughout the Hospital.

12.    Plaintiff's direct supervisor is Amanda Rose ("Ms. Rose"), Director of Respiratory Therapy. (White Female).

13.    During Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position as an RT in a more than satisfactory manner.

14.    During her employment, Plaintiff received all good performance reviews and comments.

15.    In March of 2020, Plaintiff learned that she was pregnant.

16.    It was during this same time that the Covid-19 pandemic was beginning.

17.    Because of the Covid-19 pandemic, Plaintiff's physician instructed her that she should avoid patients that have tested positive for COVID-19.

18.    On or about July 14, 2020, Plaintiff met with Kimberly Franklin ("Ms. Franklin") (White), Human Resource Business Partner, and presented her doctor's note to Ms. Franklin.

19.    Ms. Franklin then provided Plaintiff with a Health Care Provider Questionnaire ("Questionnaire") for completion by her physician so that the Hospital could better understand what restrictions the physician intended to impose on Plaintiff's related to her medical condition.

20.    On August 7, 2020, Plaintiff returned the Questionnaire that had been

completed by her physician.

21.     The Questionnaire indicated that Plaintiff was pregnant and needed to "avoid COVID positive patients" until delivery.

22.     Defendant informed Plaintiff that it was not able to accommodate this restriction.

23.     Ms. Franklin then instructed Plaintiff to clock out and explained that she would not be able to return to work until the restriction was no longer in place.

24.     Ms. Franklin provided Plaintiff with information for Time Away from Work ("TAFW"), the Hospital's third party administrator for medical leave and short-term disability and would not allow her to return to work.

25.     Defendant employed male employees as RT's at the same time that Plaintiff was employed.

26.     One or more of these male employees had a disability, perceived or otherwise, that also prevented them from working with COVID-19 positive patients.

27.     One or more of these disabled, perceived or otherwise, male employees requested from Defendant that they not work around or near Covid-19 positive patients. Defendant granted this accommodation and them and allowed them to continue work, but not around Covid-19 positive patients.

28.     Since July, 2020, Defendant had knowledge of Plaintiff's pregnancy,

and request for accommodation because of her pregnancy.

23.     Defendant knew of Plaintiff's pregnancy and regarded her as disabled as it refused to engage in any type of interactive process or discuss Plaintiff's reasonable accommodation all the while it knowingly accommodated disabled male RTs.

24.     Plaintiff was placed on leave because of her pregnancy and the failure of Defendant to provide a reasonable accommodation, the reasons given for Plaintiff's suspension were a pretext for Defendant's discrimination against her because of pregnancy.

## FIRST CAUSE OF ACTION
### (TITLE VII - Sex Discrimination)

25.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 24 of this complaint with the same force and effect as if set forth herein.

26.     Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of the Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA").

27.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

*SECOND CAUSE OF ACTION*
(Pregnancy Discrimination Act of 1978 ("PDA"))

28.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 24 of this complaint with the same force and effect as if set forth herein.

29.   Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her pregnancy in violation of the Pregnancy Discrimination Act of 1978 ("PDA").

30.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

*THIRD CAUSE OF ACTION*
*(DISABILITY - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

31.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 24 of this complaint with the same force and effect as if set forth herein.

32.   This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

7

33.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

34.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

35.     Plaintiff's physician instructed that Plaintiff was pregnant and needed to "avoid COVID positive patients" until delivery.

36.     Defendant informed Plaintiff that it was not able to accommodate this restriction.

37.     Ms. Franklin then instructed Plaintiff to clock out and explained that she would not be able to return to work until the restriction was no longer in place.

38.     Ms. Franklin provided Plaintiff with information for Time Away from Work ("TAFW"), the Hospital's third party administrator for medical leave and short-term disability and would not allow her to return to work.

39.     Defendant employed male employees as RT's at the same time that Plaintiff was employed.

40.     One or more of these male employees had a disability, perceived or otherwise, that also prevented them from working with COVID-19 positive

patients.

41.    One or more of these disabled, perceived or otherwise, male employees requested from Defendant that they not work around or near Covid-19 positive patients. Defendant granted this accommodation and them and allowed them to continue work, but not around Covid-19 positive patients.

42.    Since July, 2020, Defendant had knowledge of Plaintiff's pregnancy, and request for accommodation because of her pregnancy.

23.    Defendant knew of Plaintiff's pregnancy and regarded her as disabled as it refused to engage in any type of interactive process or discuss Plaintiff's reasonable accommodation all the while it knowingly accommodated disabled male RTs.

43.    Any possible assertion that there was a viable business justification for the Plaintiff's suspension, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

44.    The adverse personnel action, the suspension of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

45.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

46.    As a result of being wrongfully and unlawfully retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

47.    Plaintiff has retained the undersigned attorney to assist her in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

48.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### FOURTH CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

49.    Plaintiff repeats and re-alleges each and every allegation contained

in paragraph 1 through 24 of this complaint with the same force and effect as if set forth herein.

50.     This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

51.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

52.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

53.     Plaintiff's physician instructed that Plaintiff was pregnant and needed to "avoid COVID positive patients" until delivery.

54.     Defendant informed Plaintiff that it was not able to accommodate this restriction.

55.     Ms. Franklin then instructed Plaintiff to clock out and explained that

she would not be able to return to work until the restriction was no longer in place.

56.    Ms. Franklin provided Plaintiff with information for Time Away from Work ("TAFW"), the Hospital's third party administrator for medical leave and short-term disability and would not allow her to return to work.

57.    Defendant employed male employees as RT's at the same time that Plaintiff was employed.

58.    One or more of these male employees had a disability, perceived or otherwise, that also prevented them from working with COVID-19 positive patients.

59.    One or more of these disabled, perceived or otherwise, male employees requested from Defendant that they not work around or near Covid-19 positive patients. Defendant granted this accommodation and them and allowed them to continue work, but not around Covid-19 positive patients.

60.    Since July, 2020, Defendant had knowledge of Plaintiff's pregnancy, and request for accommodation because of her pregnancy.

61.    Defendant knew of Plaintiff's pregnancy and regarded her as disabled as it refused to engage in any type of interactive process or discuss Plaintiff's reasonable accommodation all the while it knowingly accommodated disabled male RTs.

62.     Any possible assertion that there was a viable business justification for the Plaintiff's suspension is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

63.     The adverse personnel action, the suspension of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

64.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

65.     As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

66.    Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

67.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## _PRAYER FOR RELIEF_

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)    Declaring the acts and practices complained of herein are violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

b)    Enjoining and permanently restraining those violations of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

c)    Directing the Defendant to take such affirmative action as is necessary

to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h)      Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: July 28, 2020.          By: */s/ Clayton M. Connors*
                                    CLAYTON M. CONNORS
                                    Florida Bar No.: 0095553
                                    Email: cmc@westconlaw.com
                                    **THE LAW OFFICES OF**
                                    **CLAYTON M. CONNORS, PLLC.**

4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388

Attorney for the Plaintiff